56 F.3d 63
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Phylliss A. WILLIAMS, Plaintiff-Appellant,
v.
Marvin T. RUNYON, Postmaster General, United States Postal
Service, Defendant-Appellee.
 No. 94-2314.
 United States Court of Appeals, Fourth Circuit.
 Argued May 4, 1995.
Decided June 2, 1995.
 
 ARGUED: Carl Lee Marshall, LAW OFFICES OF CARL L. MARSHALL, Elizabeth, NJ, for Appellant. Brian Michael Reimer, Appellate Division, UNITED STATES POSTAL SERVICE, Washington, DC, for Appellee. ON BRIEF: Mary Ann McField, Elizabeth, NJ, for Appellant. R. Andrew German, Chief Counsel, Appellate Division, UNITED STATES POSTAL SERVICE, Washington, DC; Helen F. Fahey, United States Attorney, Jeri Kaylene Somers, Assistant United States Attorney, Alexandria, VA, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant Phylliss Williams, an employee with the United States Post Service, sued the Postmaster General under the Age Discrimination in Employment Act (ADEA) and Title VII of the Civil Rights Act of 1964. She alleged that she was demoted (1) because of her age, sex, race, and color and (2) in retaliation for engaging in protected activity. The district court granted the Postmaster General's motion for summary judgment, and Williams appeals. Finding no error, we affirm.
 
 I.
 
 2
 Phylliss Williams is a black woman. On September 22, 1990, Williams, then forty-two years old, became the Manager, Employment and Development, at the Postal Service's Northern Virginia Division. In this position, rated at level 21 of the Executive and Administrative Schedule (EAS), Williams was responsible for employment matters (including hiring, benefits, incentive awards, and promotions) and personnel development (including training). She had favorable evaluations for the period covering November 1990 through May 17, 1991.
 
 
 3
 On May 20, 1991, Enola Mixon became the Field Director, Human Resources, for the Northern Virginia Division. In this position she served as Williams's immediate supervisor. Mixon, too, is a black woman, and she was around sixty-four years old when she became Field Director.
 
 
 4
 On September 23, 1991, Mixon issued to Williams a Letter of Warning charging "Unsatisfactory Performance/Failure to Follow Proper Procedures." Williams received this letter because she allegedly mishandled an annual merit evaluation for Bonnie Franklin, one of her subordinates. Williams allegedly gave Franklin an unwarranted "Outstanding" rating on her merit evaluation and gave her a financial merit award without obtaining the required approval signature of the installation head.
 
 
 5
 The next day, September 24, 1991, Postal Inspector J.A. Braveman sent to Gene Hoge, the Field Division General Manager/Postmaster for the Northern Virginia Division, an Investigative Memorandum concerning Williams. The investigation involved Williams's delay in completing and turning in a workers' compensation claim filed by Beverly Brown, a personnel clerk in Williams's office. Brown had submitted a claim form on August 9, 1991, asserting job-related stress resulting from an incident in which Williams verbally abused her. Williams's delay in processing the claim delayed Brown's receipt of workers' compensation benefits.
 
 
 6
 On January 6, 1992, Mixon issued to Williams a Notice of Proposed Reduction in Grade which proposed to demote Williams to an EAS-16 position as Safety Specialist. The Notice charged (1) "Unsatisfactory Performance/Failure to Follow Proper Procedures" and (2) "Improper Conduct/Creating a Hostile Work Environment." The former charge was based on Williams's delay in processing Brown's workers' compensation claim. The latter charge was based on statements by Brown and other employees that Williams had displayed abusive and unprofessional behavior on several occasions. Nine days later, January 15, 1992, Mixon rated Williams "unacceptable" on her merit evaluation for fiscal year 1991.
 
 
 7
 Around two weeks later, on January 31, 1992, Williams sought equal employment opportunity (EEO) counseling for her unfavorable merit evaluation. She alleged that the evaluation was the result of discrimination.
 
 
 8
 In a Letter of Decision dated February 5, 1992, Hoge sustained Mixon's proposed reduction in Williams's grade. Consequently, Williams was demoted to Safety Specialist at the Dulles International Mail Facility Processing and Distribution Center, an EAS-16 position.
 
 
 9
 On March 3, 1992, Williams filed an appeal with the Merit Systems Protection Board (MSPB) to challenge her reduction in grade. In a comprehensive opinion the MSPB sustained Williams's demotion. The MSPB found (1) that Williams had received Ms. Brown's claim for workers' compensation but failed to complete it in a timely manner, (2) that Williams's manner of interacting with people led to hostility and was not conducive to the effectiveness of her unit, and (3) that the demotion was a reasonable penalty. The MSPB also found that Williams's demotion was not the result of discrimination or retaliation. On November 5, 1992, the MSPB denied Williams's petition for review.
 
 
 10
 Williams next petitioned the Equal Employment Opportunity Commission (EEOC) for review of the MSPB's decision. On April 26, 1993, the EEOC issued a decision concurring with the MSPB's findings that Williams's demotion was not the result of unlawful discrimination or retaliation.
 
 
 11
 On May 27, 1993, Williams filed this action pursuant to Title VII and the ADEA. Her complaint alleged that she was demoted (1) because of her age, sex, color, and race and (2) in retaliation for seeing an EEOC counselor. After discovery the Postmaster General moved for summary judgment.
 
 
 12
 On August 16, 1994, the district court issued an order granting the Postmaster General's motion for summary judgment. In its Memorandum Opinion the court held that Williams could not establish a prima facie case of either discrimination or retaliation. She failed to establish a prima facie case of age discrimination because the record did not show that she was performing adequately in her job at the time she was demoted. She failed to establish a prima facie case of race, color or sex discrimination because the record failed to show that any similarly situated employees outside the protected class were treated more favorably than she was. She failed to establish a prima facie case of retaliation because she could not show a causal connection between her protected activity (seeing an EEO counselor) and her demotion. Specifically, the record did not show that Mixon was aware of the EEO counseling before she proposed the demotion and gave the "unacceptable" rating.*
 
 
 13
 The court then ruled in the alternative that even if Williams could establish prima facie cases of discrimination and retaliation, the Postmaster General was entitled to summary judgment: The Postmaster General satisfied his burden of articulating legitimate, nondiscriminatory reasons for the demotion (the delayed processing of Brown's workers' compensation claim and the creation of a hostile work environment), and Williams could not sustain her burden of showing that these reasons were pretextual. The court said that Williams's "unsupported assertions of improper bias do not create a factual issue precluding summary judgment." JA 170.
 
 
 14
 Williams appeals the summary judgment ruling. Our review is de novo.
 
 II.
 
 15
 Having studied the briefs, reviewed the record, and listened to argument, we affirm. Williams concedes that the Postmaster General articulated legitimate, nondiscriminatory reasons for the demotion. Williams thus had the burden to show that these reasons were pretextual. We conclude that Williams has failed to "show a genuine factual dispute over the employer's legitimate nondiscriminatory explanation," Mitchell v. Data General Corp., 12 F.3d 1310, 1317 (4th Cir.1993). She relies heavily on allegations that are not supported by the record. A plaintiff cannot survive summary judgment by resting on her pleadings. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The judgment of the district court is affirmed.
 
 AFFIRMED
 
 
 *
 Williams sought EEO counseling weeks after Mixon proposed to demote her and rated her "unacceptable." The record contained Mixon's sworn declaration that she was unaware when she made those decisions that Williams had initiated EEO activity